UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MICHAEL CLOUSE,            Plaintiff,

v.            Civil Action No. 3:19-cv-303-DJH

ASSOCIATED DRYWALL SUPPLIERS,
INC., et al.,            Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This case is one of thousands pending in state and federal courts, including several within this district, in which plaintiffs allege that Johnson & Johnson's cosmetic talcum powder products contained asbestos and caused them to develop mesothelioma. *See, e.g.*, *Hayes v. Colgate-Palmolive Co.*, No. 3:19-cv-00316-JHM, 2019 WL 2396576 (W.D. Ky. June 6, 2019); *Wiman v. Triangle Enter., Inc.*, No. 5:19-CV-00059-GNS, 2019 WL 231671 (W.D. Ky. June 3, 2019); *Removed State Court Talc Actions v. Johnson & Johnson*, No. CV 19-3080-CJC (JCX), 2019 WL 2191808, at *1 (C.D. Cal. May 21, 2019) ("There are roughly 2,400 talc-related actions that have been filed against Johnson & Johnson in state courts nationwide."). Plaintiff Michael Clouse filed this lawsuit against Johnson & Johnson and Johnson & Johnson Consumer Inc. (J&J) in July 2018 in Jefferson County, Kentucky, Circuit Court; the case was proceeding to a January 2020 trial date when it was removed to this Court on April 22, 2019. (Docket No. 10, PageID # 2753–54)

**I.**

In February 2019, Imerys Talc America, Inc. and two affiliated companies (Debtors) that supplied cosmetic talc to J&J over a period of years filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware. (D.N. 1, PageID # 1) J&J removed this case pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. §§ 1334 and

1452 (D.N. 1), alleging that this action is sufficiently "related to" the Debtor's bankruptcy proceedings to provide this Court with jurisdiction. (*Id.*) *See In re Imerys Talc Am.*, Case No. 19-10289 (Bankr. D. Del.).

J&J also filed a motion in the U.S. District Court for the District of Delaware to transfer all the related talc cases to that court pursuant to 28 U.S.C. § 157(b)(5) and 1334(b). (D.N. 1, PageID # 630–926) Following removal in this case, J&J filed a letter encouraging the Court to stay any ruling on remand or other motions until the District of Delaware ruled on the motion to transfer. (D.N. 8, PageID # 2741) Shortly thereafter, Clouse filed an emergency motion to remand asking the Court to find that removal was untimely, that the Court lacks subject-matter jurisdiction, and that remand should be granted on equitable grounds. (D.N. 10)

The District of Delaware recently denied J&J's motion to transfer, finding that J&J "has not met its burden to establish that 'related-to' subject matter[-]jurisdiction exists over State Court Talc Claims, and, even if it had, this [Court] would abstain from hearing the roughly 2,400 cases in this district." *In re Imerys Talc Am., Inc., et al.*, No. 19-mc-103 (MN) (D. Del. July 19, 2019), ECF No. 21-1, at 4260. J&J has filed a letter notifying the Court that it withdraws its opposition to Clouse's emergency motion to remand. (*See* D.N. 22) Therefore, the Court will deny J&J's motion to stay as moot and will consider only Clouse's motion to remand. Given that J&J no longer opposes the motion, the Court's analysis will be abbreviated.

## II.

J&J invoked this Court's jurisdiction pursuant to 28 U.S.C. §§ 1334 and 1452. (D.N. 1, PageID # 1) When a case is removed under section 1452, "[t]he burden of showing federal jurisdiction is borne by the removing party." *Church Joint Venture v. Graphic Enhancement Techs. Corp.*, No. 13-1042, 2013 WL 3929725, at *2 (W.D. Tenn. July 29, 2013) (citing *Coyne v.*

*Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d at 493.

A.

Section 1452 permits a party to remove claims related to bankruptcy cases. In particular, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334." 28 U.S.C. § 1452(a). Meanwhile, section 1334(b) grants district courts with "original but not exclusive jurisdiction of all civil proceedings arising under title 11 [of the Bankruptcy Code], or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

The District of Delaware noted in its order denying J&J's motion to fix venue that it "is not aware of any case in which a federal district judge has found subject matter jurisdiction over a removed State Court Talc Claim against [J&J]." *In re Imerys Talc Am., Inc., et al.*, No. 19-mc-103 (MN), ECF No. 21-1, at 4259–60. That court went on to find that J&J failed to establish "related-to" jurisdiction for three reasons: the potential for indemnification in this situation is insufficient; J&J failed to establish that shared insurance policies would affect the bankruptcy estate; and J&J and the Debtors "do not share an identity of interest." *Id.*, at 4260–72.

This Court agrees with the District of Delaware and the growing number of district courts that have found that the potential effect on the pending Delaware bankruptcy proceeding is too remote to give rise to "related-to" jurisdiction. (*See* D.N. 1-1, PageID # 942–45) *See Carrera v. Johnson & Johnson*, No. 119CV00536LJOEPG, 2019 WL 2499187, at *4 (E.D. Cal. June 17, 2019) (finding no "related-to" jurisdiction under similar facts); *San Nicolas v. Johnson & Johnson*, No. 3:19-CV-01153-MBS, 2019 WL 2482380, at *2 (D.S.C. June 14, 2019) ("Discussing the potential for indemnification or litigation regarding indemnification at this stage is mere

3

speculation. Imerys is not a party to this claim; as such, Plaintiff does not seek relief from Imerys or its bankruptcy estate."); *O'Riorden v. Johnson & Johnson*, No. 19-CV-10751-ADB, 2019 WL 2371782, at *2 (D. Mass. June 5, 2019) (questioning whether "related-to" jurisdiction is present on similar facts); *Kerkhof v. Johnson & Johnson*, No 8:19-cv-01502-PX (D. Md. June 3, 2019) (same); *Kaufman v. Johnson & Johnson Consumer, Inc.*, No. 19CV0520, 2019 WL 2297556, at *3 (W.D. Pa. May 30, 2019) (finding no "related-to" jurisdiction because "the outcome of the instant case will not bind Imerys or its affiliates, and because Imerys is not a party here, therefore, res judicata and collateral estoppel will not apply to bind Imerys"); *Holman v. Johnson & Johnson*, No. 19AP00645, 2019 WL 2214826, at *6 (Bankr. N.D. Ill. May 22, 2019) (finding no "related-to" jurisdiction based on the "potential for indemnification or litigation regarding indemnification" and because Imerys was not a party and plaintiffs did not seek relief from Imerys in bankruptcy court). Remand is therefore required. *See* 28 U.S.C. 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**B.**

Even if this case were sufficiently related to the Delaware bankruptcy proceeding to confer jurisdiction, remand would be appropriate as a matter of equity. Once a claim is removed pursuant to § 1452(a), the Court "may remand such claim or cause of action on any equitable ground." § 1452(b); *see Hayes*, 2019 WL 2396576, at *3 ("In short, the Court has unusually broad discretion in determining whether remand is appropriate under 28 U.S.C. § 1452(b)."). "The key phrase 'any equitable ground' provides the bankruptcy [or district] court with broad authority and discretion in determining whether to remand a proceeding." *In re Warren Producers, Inc.*, 360 B.R. 249, 253 (Bankr. W.D. Ky. 2007); *see, e.g.*, *Tavener v. Johnson & Johnson*, No. 5:19-CV-0459 (GTS/TWD), 2019 WL 2754423, at *8–11 (N.D.N.Y. July 2, 2019) (applying eleven factors when

4

considering remand "on any equitable ground" under 28 U.S.C. § 1452(b)). The broad standard in § 1452(b) "evince[s] a strong congressional intent that although certain matters may be heard in federal court, many should remain in state court." *Hayes*, 2019 WL 2396576, at *2. Pursuant to that broad authority, the Court finds that the state court is better suited to hear this case.

A number of other district and bankruptcy courts have found equitable remand appropriate in similar cases involving J&J. *See Carrera,* 2019 WL 2499187, at *4 (finding "that the equities weigh strongly in favor of remanding this case to state court"); *Hayes*, 2019 WL 2396576, at *4 (finding "equitable remand is proper" because of the closeness of the trial date in state court, the presence of only state-law claims, and judicial economy); *O'Riorden*, 2019 WL 2371782, at *2 (finding that "equity counsels remand here"); *Wiman*, 2019 WL 2341671, at *2 (remanding the case because the plaintiff was suffering from a "universally fatal illness" and the parties had already extensively litigated the case in state court); *Rivera v. Johnson & Johnson*, No. 19-10747-LTS (D. Mass. May 31, 2019), ECF No. 20-17 (finding that equity favored remanding the case even if "related-to" jurisdiction existed); *Removed State Court Talc Actions*, 2019 WL 2191808, at *4 (finding "equitable considerations compel the Court to remand the OSC Talc Actions to state court"); *Cabibi v. Avon Prod., Inc.*, No. CV-19-03037-CJC (JCX), 2019 WL 1976438, at *3 (C.D. Cal. May 3, 2019) (same).

In this case, several equitable grounds justify remand. Clouse filed his lawsuit in July 2018 and the trial date is only five months away. (D.N. 10, PageID # 2753–54) Judicial economy does not favor removing this case from the court that already accumulated a record of over 1,200 pages. (*See* D.N. 1-1) The claims that J&J removed are state-law claims, which this Court has no special ability to handle. (*Id.*, PageID # 40–43) Moreover, allowing the trial to move forward in Jefferson Circuit Court will have no discernible effect on the Delaware bankruptcy case. *See O'Riorden*,

2019 WL 2371782, at *2 ("First, trying this case in Superior Court in Massachusetts will not impact the efficient administration of Imerys' bankruptcy estate.").

Finally, this case involves a person who is suffering from a "universally fatal illness." *See Wiman*, No. 5:19-CV-00059-GNS, 2019 WL 2341671, at *2. Clouse received his mesothelioma diagnosis on February 20, 2018, and thus his time to see this litigation through is likely limited. (D.N. 1-1, PageID # 991) *See Georgine v. Amchem Prod., Inc.*, 83 F.3d 610, 626 (3d Cir. 1996), aff'd sub nom. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591 (1997) (noting that patients with mesothelioma generally pass away "within two years after they become symptomatic"). For all of the foregoing reasons, remand is warranted on equitable grounds.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Clouse's emergency motion to remand (D.N. 10) is **GRANTED**. All other pending motions are **DENIED** as moot.

(2) This action is **REMANDED** to Jefferson Circuit Court pursuant to 28 U.S.C. § 1447(c) and **STRICKEN** from the Court's docket.

July 30, 2019

**David J. Hale, Judge
United States District Court**